Case 4:23-cv-03170   Document 15   Filed on 07/22/24 in TXSD   Page 1 of 20

United States District Court
Southern District of Texas
**ENTERED**
July 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANICE H..,[1] § | |
|    *Plaintiff,* § | |
| § | |
| v. § | Case No. 4:23-cv-3170 |
| § | |
| MARTIN O'MALLEY, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
|    *Defendant.* § | |

## MEMORANDUM AND ORDER

Plaintiff Janice H. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g).[2] Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). Plaintiff filed a motion for summary judgment, ECF No. 10, and the Commissioner filed a cross-motion for summary judgment, ECF No. 14. Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that the

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On September 11, 2023, based on the parties' joint consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 4.

Administrative Law Judge ("ALJ") failed to consider all the record evidence and all of Plaintiff's limitations in assessing her RFC. ECF No. 10. The Commissioner counters that substantial evidence supports the ALJ's decision. ECF No. 14. Based on the briefing, the record, and the applicable law, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff was not disabled during the relevant period. Plaintiff's motion for summary judgment is denied, and the Commissioner's cross-motion is granted.

## I.   BACKGROUND

Plaintiff is 64 years old. R. 56.[3] She attended some college, and previously worked as a department manager. R. 23, 35. Plaintiff alleges a disability onset date of August 23, 2020. R. 19. Plaintiff claims to suffer from physical and mental limitations. R. 56.

On June 2, 2021, Plaintiff filed an application for disability insurance benefits under Title II of the Act.[4] R. 18, 152–58. Plaintiff based her application on brain tumor, balance issues from tumor, walking issues from tumor, writing issues from

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 7.

[4] For Plaintiff's disability insurance benefits, the relevant period is August 2, 2020—Plaintiff's alleged onset date—through June 30, 2025—Plaintiff's last insured date. R. 19. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during this timeframe. *See Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

tumor, headaches, and depression. R. 56. The Commissioner denied Plaintiff's claim initially, R. 56–63, and on reconsideration. R. 76–81.

An administrative hearing was held before an ALJ where Plaintiff was represented by an attorney. R. 31–55. Plaintiff and a vocational expert ("VE") testified. R. 31–55. The ALJ issued a decision finding Plaintiff not disabled and denied her request for benefits.[5] R. 17–24. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 1–6. Plaintiff appealed the Commissioner's ruling to this Court. ECF No. 1.

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ here determined Plaintiff was not disabled at step four. R. 24. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since her alleged onset date. R. 19 (citing 20 C.F.R. §§ 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: sporadic cerebellar hemangioblastoma. R. 20 (citing 20 C.F.R. § 404.1520(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 20 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b), can stand and walk a combined 6 hours in an 8-hour work day; frequently stoop, but can only occasionally balance, occasionally climb ramps and stairs; but can never climb ladders, ropes or scaffolds; can never work at unprotected heights or around moving mechanical parts; can never operate heavy equipment; and must avoid all exposure to open flames and open bodies of water. R. 20. At step four, the ALJ determined that Plaintiff was able to perform past relevant work as a department manager. R. 23 (citing 20 C.F.R. § 404.1565). The ALJ thus concluded that Plaintiff was not disabled. R. 24.

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence

preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009) (quotation omitted).

### III. APPLICABLE LAW

#### A. Disability Insurance Benefits Under the Act.

The Act permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). These payments are referred to as disability insurance benefits. Applicants must prove "disability" to qualify for benefits. *Id.* § 423(d)(1)(A).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

5

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). "The suffering of some impairment does not establish disability; a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)).

    B.    **The Shifting Burden of Proof.**

The Act places the burden of establishing disability on the claimant. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). To be entitled to disability insurance benefits, a claimant "must show that he was disabled on or before the last day of his insured status." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981).

The Commissioner applies a five-step sequential process to determine disability status. *Torres v. Colvin*, No. 4:13-cv-2571, 2014 WL 4064002, at *6 (S.D. Tex. Aug. 15, 2014). The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to

the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV. COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.

Plaintiff raises two errors on appeal, both of which essentially assert that the ALJ's RFC[6] determination is not supported by substantial evidence—a harmful error because had the ALJ considered all evidence and limitations, he would not have found Plaintiff capable of performing her past relevant work. ECF No. 10. Plaintiff first argues that the ALJ failed to consider all the record's evidence, and specifically ignored Plaintiff's function report, which included several limitations the ALJ did not take into account. ECF No. 10 at 8–9. Plaintiff next argues that the ALJ failed to consider all of Plaintiff's limitations in assessing her RFC. ECF No. 10 at 10–11. The Court will review each argument.

### A. The ALJ's RFC Considered the Plaintiff's Subjective Evidence.

Plaintiff's first argues that the ALJ failed consider her function report, which included several limitations, such as right-hand weakness, headaches, reminders to take medications, help in preparing meals, inability to drive or leave her house, balance and attention issues, ECF No. 10 at 8–9 (citing R. 227–32 (Plaintiff's function report dated July 19, 2022)). Commissioner responds that a review of the

---

[6] Plaintiff's RFC is "the most [Plaintiff] can still do despite [Plaintiff's] limitations." 20 C.F.R. § 404.1545(a)(1).

entire record supports the ALJ's RFC finding and ultimate decision that Plaintiff was not disabled. ECF No. 14 at 9. The record establishes that Plaintiff's argument is without merit.

In assessing whether Plaintiff is disabled, the ALJ must consider both the objective medical evidence and Plaintiff's statements about the intensity of her symptoms. The ALJ may also consider (1) Plaintiff's daily activities; (2) the location, duration, frequency and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms, (4) the type, dosage, effectiveness and side effects of medication; (5) any treatment, other than medication, for relief of pain or other symptoms; (6) any measures Plaintiff uses to relieve the pain or other symptoms; and (7) any other factors concerning Plaintiff's functional limitations and restrictions due to pain or other symptoms. *Yeh v. Saul*, No. CV H-20-0562, 2021 WL 4895751, at *6 (S.D. Tex. June 21, 2021) (citing SSR 16-3p, 2016 WL 1119029 at *7).

The evaluation of subjective symptoms is a task particularly within the province of the ALJ because he observes Plaintiff. *See id*. The ALJ's credibility determinations are entitled to significant deference if substantial evidence supports the determination. *Id*. (citing *Byrd v. Astrue*, No. CIV.A.1:07-CV-0111-C, 2008 WL 4414581, at *14 (N.D. Tex. Sept. 30, 2008)). "When determining the credibility of a claimant's complaints, the ALJ must engage in a two-step analysis: (1) the ALJ

8

must consider whether there is an underlying identifiable impairment that could reasonably produce the alleged symptoms; (2) the ALJ evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit her ability to perform work-related activities." *Id.* (citing *Moynihan v. Saul*, No. 4:19-CV-1396, 2020 WL 5260783, at *4 (S.D. Tex. Aug. 6, 2020)). An ALJ may discount a claimant's subjective symptoms due to contradictory or inconsistent evidence in the record. *Id.* (citing *Byrd*, 2008 WL 4414581, at *14).

> The ALJ assessed Plaintiff's RFC as follows:
>
> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can stand and walk a combined 6 hours in an 8-hour work day. The claimant can frequently stoop, but can only occasionally balance. The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. The claimant can never work at unprotected heights or around moving mechanical parts. The claimant can never operate heavy equipment. The claimant must avoid all exposure to open flames and open bodies of water.

R. 20. In explaining his RFC decision, the ALJ recognized Plaintiff's subjective complaints, including Plaintiff's "problems with her right dominant hand," "short-term memory loss and thunderclap headaches," inability to cook, help out around the house, or drive outside of her neighborhood, and use of a "cane for dizziness and prevent[ing] falls"—the same complaints in Plaintiff's the function report. R. 21.

Expressly utilizing § 404.1529(c)(3), § 404.1569a, and the function report that Plaintiff claims the ALJ ignored, the ALJ found that Plaintiff's testimony was not

9

entirely consistent as to the severity of her symptoms and their effect on her ability to perform work related activities. In so ruling, the ALJ observed Plaintiff also indicated that she was able to maintain her personal hygiene and grooming, performing daily tasks without reminders, prepare meals, do laundry, use a computer and the television, drive, read, spend time with others, talk on the phone, pay attention, follow written and spoken instructions, and manage her own finances. R. 21 (citing R. 210–17 (Plaintiff's subjective function report dated July 6, 2021, noting that she daily watches tv, reads, talks on the phone, pays bills, handles finances, shops online, does laundry, prepares meals); R. 222–34 (Plaintiff's subjective function report dated July 19, 2022, noting that she daily talks on the phone, video chats, emails, reads, watches tv, pays bills, handles finances, shops online, sits on the porch, takes care of her personal needs)).

Further, the ALJ found that the objective medical evidence and medical opinions did not support the intensity, persistence, and limiting effects of Plaintiff's subjective complaints. R. 21. The ALJ summarized Plaintiff's medical history, starting with Plaintiff's sub-occipital craniotomy and partial resection of tumor on August 5, 2020, which pathology confirmed was a grade 1 hemangioblastoma. R. 20 (citing R. 280 (UT Physicians' treatment notes from 8/19/2020); R. 294 (lab results from 8/4/2020); R. 307 (post-operation notes from 8/5/2024)). Then in September 2020, Plaintiff underwent gamma knife radiosurgery. R. 280, 289 (post-operation

10

notes from 9/9/2020). A December 2020 MRI showed that the residual enhancing mass was unchanged in size, surrounding edema and mass effect was decreased, and decreased mass effect on the fourth ventricle with resolved obstructive right tentorial hydrocephalus. R. 288 (Dr. Marcelle Mallery's treatment notes from 12/1/2020). On January 4, 2021 at her follow-up visit, Plaintiff stated she was doing better and was ready to return to work. R. 335.

Plaintiff reported doing well the following weeks after the surgery, but then returned to the doctor with complaints of headaches, nausea, and balance. R. 280. In March 2021, based on an MRI, Dr. Blanco prescribed dexamethasone, a steroid, to combat growth of the lesion and "worsening edema and partial compression of the fourth ventricle." R. 280. Plaintiff stated her headaches and nausea improved, even after she decided to stop taking her medication. R. 280. At the same April 2021 visit, Plaintiff's physical examination showed she was neurologically intact, 5/5 strength in upper and lower extremities, intact sensation, normal sensation, gait, and reflexes. R. 281 (Dr. Esquenazi's treatment notes from 4/28/2021).

On May 5, 2021, Plaintiff visited the ER after a syncopal episode at work. R. 419 (treatment notes from Memorial Hermann on 5/5/2021). A CT scan during the visit showed "similar appearance" of the mass and edema. R. 421. On May 10, 2021 telehealth visit with Dr. Esquenazi, Plaintiff denied any seizures, vision or hearing changes, dizziness, balance issues, or other sensorimotor changes. R. 385

11

(treatment notes from 5/10/2021). Dr. Esquenazi ordered two more weeks of steroids. R. 386.

A June 29, 2021 brain MRI was essentially unchanged from March 2021. R. 286 (Dr. Shamprasad's treatment notes from 6/29/2021). Another MRI in October 2021 showed no change in the tumor and interval improvement in the edema. R. 321 (MRI results from 10/19/2021). At the same time, Plaintiff's physical examination showed stable performance status and Plaintiff denied headaches or vision changes and reported mild balance issues that had since resolved. R. 449 (Dr. Blanco's treatment notes from 10/27/2021).

At a doctor's visit in April 2022, Plaintiff reported stable performance and denied confusion, memory difficulty, headaches, seizures, vision or hearing changes, dizziness, balance difficulty, or other sensorimotor changes. R. 396 (treatment notes from 4/29/2022). Her MRI results showed no adverse interval change. R. 396. In October 2022, Plaintiff reported "excellent overall performance status," was off her steroids, and described improvement in her weakness, dizziness, and vision, and denied hearing loss. R. 458 (treatment notes from 11/26/2022). Plaintiff's October MRI showed stable enhancing posterior fossa. R. 458.

Thus, the ALJ's opinion summarized the relevant medical records and considered Plaintiff's testimony, function reports, and the specific limitations Plaintiff claims were ignored. Plaintiff has failed to establish the ALJ did not

consider all the evidence, including the function report containing subjective evidence of her limitations. The ALJ has the discretion to weigh conflicting evidence and determine the credibility of the witness testimony and expert opinions. *See Papillion v. Kijakazi*, No. 4:21-CV-01050, 2022 WL 17548604, at *4 (S.D. Tex. Sept. 30, 2022) ("The ALJ has broad discretion when making credibility determinations because they must also weigh and resolve conflicts in the evidence.") (citing *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991)). It is not for the Court to reweigh the evidence when substantial evidence supports the ALJ's finding, *see Bookman v. Comm'r of Soc. Sec.*, No. 3:22-CV-00385, 2024 WL 23172, at *3 (S.D. Tex. Jan. 2, 2024), as it does here.

### B. The ALJ Considered Plaintiff's Limitations.

Next, Plaintiff argues that the ALJ failed to consider all her limitations: "thunder clap headaches, impaired right dominant hand, limited activities related to tumor, brain surgery and radiation," in assessing Plaintiff's RFC. ECF No. 10 at 10–11. The Commissioner responds that the ALJ considered Plaintiff's subjective complaints in light of the objective evidence, which did not support Plaintiff's allegations of disabling limitations and articulated how persuasive he found the opinions and how he came to this finding. ECF No. 14 at 10–17. Further, the Commissioner argues that Plaintiff failed to explain how the objective evidence supported a more reduced RFC than the ALJ assessed. *Id.* at 14. The Court agrees

13

that the record does not support Plaintiff's testimony regarding the degree to which her limitations are disabling.

When determining whether a claimant is disabled, an ALJ must engage in a five-step sequential inquiry. *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453; *see supra* n. 5 (discussing the ALJ's findings are each step). Before proceeding to Step Four, the ALJ makes an assessment of the claimant's RFC, or a generic description of the work a claimant still can do despite his or her physical and mental limitations. *Perez*, 415 F.3d at 461–62. Then the ALJ compares the assessed RFC to the claimant's past relevant work in Step Four and, if needed, to jobs in the national economy in Step Five. *Id.* at 461.

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions in the abilities listed in . . . this section." 20 C.F.R. § 416.913(a)(2). In determining what weight, if any, to give a medical opinion, the ALJ must consider: (1) supportability; (2) consistency; (3) the source's relationship with the claimant; (4) the source's specialty; and (5) "other factors that tend to support or contradict" the opinion. 20 C.F.R. §§ 416.920c(c), 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 416.920c(b)(2). With respect to supportability, "the strength of a medical opinion increases as the relevance of the

14

objective medical evidence and explanations presented by the medical source increase." *Price v. Comm'r of Soc. Sec.*, No. 4:22-CV-03504, 2023 WL 8037853, at *3 (S.D. Tex. Nov. 20, 2023) (quoting *Vellone ex rel. Vellone v. Saul*, No. 1:20-cv-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)). As for consistency, "the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)).

In assessing Plaintiff's limitations under the RFC, the ALJ summarized and analyzed the record's medical opinions. R. 23. The ALJ rejected two RFC analyses from two medical consultants, Dr. Spoor and Dr. Foster, who opined that Plaintiff could perform the full range of medium range. The ALJ found these opinions to be inconsistent, unsupported, and unpersuasive, and decided on an incomplete record. R. 23. Specifically, the ALJ found that evidence offered at the hearing showed that Plaintiff was more limited than medium work and required postural and environmental limitations to reduce the risk of injury. R. 23. The ALJ also noted that the medical consultants failed to adequately consider Plaintiff's complaints of unsteadiness and radiological abnormalities. R. 23.

The ALJ also considered Dr. Blanco's undated medical opinion, which stated in total: "[Plaintiff] is diagnosed with Hemangioblastoma Brain Tumor on August 2020. Due to the debilitating conditions, as a result of this medical diagnose [sic],

she is not a viable candidate for full/part employment in the competitive workplace." R. 548. The ALJ rejected this opinion as inconsistent and unsupported, and noted that opinions on disability are reserved for the Commissioner. R. 23.

The ALJ is correct that "a determination by a treating physician that an applicant is 'disabled' or 'unable to work' is not a medical opinion entitled to deference, but rather a legal conclusion 'reserved to the Commissioner.'" *Tucker v. Astrue*, 337 F. App'x 392, 396–97 (5th Cir. 2009) (citing *Frank*, 326 F.3d 618, 620 (5th Cir. 2003)). Under the regulations, opinions on an applicant's ability to work are not "medical opinions," for purposes of § 404.1527 and "are not entitled to any special significance or treatment …." *Tucker*, 337 F. App'x at 396–97. Consequently, an ALJ is not required to discuss such an opinion. *Thomas H. v. Kijakazi*, No. 4:21-CV-04253, 2023 WL 2541713, at *6 (S.D. Tex. Mar. 16, 2023).

Plaintiff cites her subjective testimony and complaints as proof that the ALJ "picked and chose" evidence from the record to support his determination, instead of relying on the entirety of the record. R. 227–34 (Plaintiff's self-reported function report dated July 19, 2022). To the contrary, the ALJ's written decision shows that he considered Plaintiff's subjective complaints and testimony but did not accept them in full. There is no dispute that Plaintiff's brain tumor is a severe impairment, but Plaintiff must also show that limitations from the impairment prevent her from working. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

Here, the ALJ considered the function report that Plaintiff claims he chose to ignore. Moreover, the ALJ properly considered Plaintiff's testimony about her symptoms by evaluating Plaintiff's daily activities, medical records, medical opinions, and improvement through treatment. *See Yeh*, 2021 WL 4895751, at *7 ("The ALJ cited the correct two step process for her analysis and provided a detailed six page narrative discussion of the Plaintiff's medical history, symptoms, treatment, and daily activities. She then summarized the evidence she found most persuasive in reaching her conclusion. As established in *Pearce*, this is all that the law requires.") (citing *Pearce v. Saul*, No. CV SA-18-CA-1131-XR, 2020 WL 290017, at *15 (W.D. Tex. Jan. 21, 2020) (ALJ does not need to specifically address why he was rejecting the plaintiff's testimony because his analysis can be determined by his recounting of daily activities, medical evaluations, and that past treatment had proved relatively effective); *Moynihan v. Saul*, No. 4:19-CV-1396, 2020 WL 5260783, at *5-6 (S.D. Tex. Aug. 6, 2020) (a four page narrative discussion which offered a detailed accounting of the Plaintiff's symptoms, treatment, daily activities and abilities, and medical opinion testimony was sufficient)).

Plaintiff argues, citing *Losa v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000), that the ALJ cannot "pick and choose" the evidence that suits his decision. The ALJ must assess all the objective and subjective evidence and resolve conflicts in the evidence. *See Martinez*, 64 F.3d at 174. What the Plaintiff characterizes as "picking and

choosing" is the ALJ weighing the subjective and objective evidence. *See Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). The Court may not reweigh that evidence now. The Court concludes that substantial evidence supports the ALJ's RFC determination. Plaintiff's arguments do not establish error.

### C. Plaintiff Failed to Establish Harmful.

"Errors alone do not justify relief from an ALJ's decision." *Michelle Y. v. Kijakazi*, No. 4:22-CV-3498, 2024 WL 943462, at *8 (S.D. Tex. Mar. 5, 2024) (quoting *Howen v. Saul*, No. CIVILACTIONH194358, 2021 WL 1169331, at *7 (S.D. Tex. Mar. 25, 2021)). Reversal of an ALJ's decision is only warranted if the claimant shows that she was prejudiced by the ALJ's error. *Deborah S. v. Comm'r of Soc. Sec.*, No. 4:20-CV-1580, 2021 WL 4442514, at *6 (S.D. Tex. Sept. 28, 2021) (citing *Ripley*, 67 F.3d at 557). A claimant establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. *Id.* (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

Here, even if the Court found error, which it did not, Plaintiff has failed to show any error harmed her. Plaintiff argues that because the ALJ's RFC determination failed to encompass all her limitations, the ALJ improperly relied on the VE's testimony addressing the erroneous RFC in finding that Plaintiff could perform her prior work. ECF No. 10 at 10, 11. Again, as noted above, the ALJ's

18

RFC is supported by substantial evidence. "The ALJ is not required to incorporate limitations into the hypothetical questions to the [vocational expert] that [s]he did not find to be supported in the record." *Manzano v. Berryhill*, No. 4:16-CV-3496, 2018 WL 1518558, at *12 (S.D. Tex. Mar. 28, 2018) (quoting *Gray v. Astrue*, No. 1:09-CV-0101-BI, 2011 WL 856941, at *8 (N.D. Tex. Mar. 11, 2011)); *see also Roberts v. Colvin*, 946 F. Supp. 2d 646, 662 (S.D. Tex. 2013) ("An ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE, if the ALJ did not find the alleged limitations to be supported in the record.") (citing *Morris v. Bowen,* 864 F.2d 333, 336 (5th Cir.1988); *Gardner v. Massanari,* 264 F.3d 1140, 2001 WL 822457, *2 (5th Cir. June 18, 2001) ("The hypothetical question that an ALJ poses to a VE need only incorporate the disabilities that the ALJ recognizes.")).

To the extent Plaintiff wanted to challenge the ALJ's hypothetical at the hearing, her attorney had an opportunity to cross-examine the VE, but did not do so on this basis. *See* R. 50–54. Plaintiff failed to demonstrate harmful error. *See Roberts*, 946 F. Supp. 2d at 662 (citing *Carey v. Apfel,* 230 F.3d 131, 146–47 (5th Cir.2000) ("[C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error,

when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.")).

## V.   CONCLUSION

It is therefore **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 10, is **DENIED**, and the Commissioner's cross-motion for summary judgment, ECF No. 14, is **GRANTED**. The decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

   **IT IS SO ORDERED.**

Signed at Houston, Texas, on July 22, 2024.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**